# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# (TEXARKANA DIVISION)

| | |
|---|---|
| **GHJ HOLDINGS, LLC**<br>        Relator,<br><br>vs.<br><br>**SPLINTEK, INC.**<br>        Defendant. | Case No.: 5:10-cv-215<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator GHJ Holdings, LLC ("Relator") alleges as follows:

### NATURE OF THE CASE

1.      This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. §292), which provides that any person may sue to recover the civil penalty for false patent marking.  Relator brings this qui tam action on behalf of the United States of America.

### PARTIES

2.      Relator is a Texas limited liability company with its principal place of business in Texarkana, Texas.

3.  Defendant Splintek, Inc. is in incorporated in the state of Missouri and can be served via its registered agent for service of process: Barrister Services, Inc., 11 East Kansas Street, Liberty, Missouri 64068.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Relator's false marking claims under Title 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in the Eastern District of Texas.

6.  This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant has violated Title 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.  Further, on information and belief, Defendant has sold falsely marked products in competition with sellers of competitive products in the Eastern District of Texas.  Such sales by Defendant are substantial, continuous and systematic.

7.  Venue is proper in this District under Title 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## **FACTS**

8. Defendant has marked and/or continues to mark its products, including its SleepRight® Secure-Comfort® Dental Guard, SleepRight® Dura-Comfort® Dental Guard and SleepRight® Slim-Comfort® Dental Guard (collectively, the "Falsely Marked Products") with expired or otherwise inapplicable patents, including at least U.S. Patent No. D373,421, titled "Orthopedic Mouthpiece for Dental Occlusion Control" ("the '421 Patent"). Such false marking by Defendant includes marking the '421 Patent upon, affixing the '421 Patent to, and/or using the '421 Patent in advertising in connection with the Falsely Marked Products.

9. The '421 Patent issued September 3, 1996. The '421 Patent expired no later than September 3, 2010. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with the '421 Patent after September 3, 2010.

10. The '421 Patent was originally assigned to Thomas J. Brown.

11. Defendant has falsely marked the Falsely Marked Products after the expiration of the '421 Patent. For example, Defendant placed the '421 Patent number on Falsely Marked Products by listing them on the packaging of its products.

12. Defendant has marked the Falsely Marked Products by printing them on packaging associated with the Falsely Marked Products.  Such markings could have easily been updated to reflect accurate patent information.  Defendant could have easily remarked its products with correct patents numbers, but decided not to.

13. It was a false statement for Defendant to mark the Falsely Marked Products with expired or otherwise inapplicable patents.  Defendant knew that the patent was expired or otherwise inapplicable, but nevertheless marked them on its products after it expired in an attempt to deceive the public.

14. Defendant is a large, sophisticated company.  Defendant has, and/or regularly retains, sophisticated legal counsel.  Defendant has many years of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant's patents, including the '421 Patent was prosecuted by sophisticated legal counsel.  The patents that Defendant owns or has licensed, including the '421 Patent is or was an important asset to Defendant and are consistently reviewed and monitored in the course of Defendant's business.

15. Defendant knew that a patent that is expired does not cover any product.

16. Defendant knew that it was a false statement to mark the Falsely Marked Products with an expired or otherwise inapplicable patent.

17. Defendant did not have, and could not have had, a reasonable belief that its products were properly marked, and Defendant knew or should have known that the aforementioned patents had expired.

## INJURY IN FACT TO THE UNITED STATES

18. Defendant's practice of false marking is injurious to the United States.

19. The false marking alleged above caused injuries to the sovereignty of the United States arising from Defendant's violations of federal law, specifically, the violation of 35 U.S.C. §292(a).  The United States has conferred standing on "any person," which includes Relator, as the United States' assignee of the claims in this complaint to enforce section 292.

20. The false marking alleged above caused proprietary injuries to the United States, which, together with section 292, would provide another basis to confer standing on Relator as the United States' assignee.

21. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of

discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

22. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain—such as those described in the Falsely Marked Patents.

23. Congress's interest in preventing false marking was so great that it enacted a statute that sought to encourage private parties to enforce the statute. By permitting members of the public to bring qui tam suits on behalf of the government, Congress authorized private persons like Relator to help control false marking.

24. The acts of false marking alleged above deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a

patent whose number has been marked upon a product with which a competitor would like to compete.

25. The false marking alleged above misleads the public into believing that the '421 Patent gives Defendant control of the Falsely Marked Products (as well as like products), placing the risk of determining whether the Falsely Marked Products are controlled by such patents on the public, thereby increasing the cost to the public of ascertaining who, if anyone, in fact controls the intellectual property embodied in the Falsely Marked Products.

26. Thus, in each instance where a representation is made that the Falsely Marked Products are protected by the '421 Patent, a member of the public desiring to participate in the market for products like the Falsely Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

27.   The false marking alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

28.   Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the '421 Patent.  Moreover, every person or company in the United States is a potential competitor with respect to the Falsely Marked Products marked with the '421 Patent.

29.   Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the '421 Patent, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives), which views such marking from commercializing a competing product, even though the '421 Patent does nothing to prevent any person or company in the United States from competing in commercializing such products.

30.   The false marking alleged in this case and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

31. The false marking alleged in this case constitutes wrongful and illegal advertisement of a patent monopoly that does not exists and, as a result, has resulted in increasing, or at least maintaining, the market power or commercial success with respect to the Falsely Marked Products.

32. Each individual false marking (including each time an advertisement with such marking is accessed on the Internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. §292(a).

33. Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. §292(b).

34. For at least the reasons stated in paragraphs 4 to 33 above, the false marking alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law and has caused proprietary injuries to the United States.

## CLAIM

35. For the reasons stated in paragraphs 4 to 34 above, Defendant has violated section 292 of the Patent Act by falsely marking the Falsely Marked Products with intent to deceive the public.

## PRAYER FOR RELIEF

36. Relator thus requests this Court, pursuant to 35 U.S.C. §292, to do the following:

    A. enter a judgment against Defendant and in favor of Relator that Defendant has violated 35 U.S.C. §292 by falsely marking products with knowledge that the patent has expired for the purpose of deceiving the public;

    B. order Defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative reasonable amount determined by the Court taking into consideration the total revenue and gross profit derived from the sale of falsely marked products and the degree of intent to falsely mark the products, one-half of which shall be paid to the United States and the other half to Relator;

    C. enter a judgment declaring that this case is "exceptional," under 35 U.S.C. §285 and award in favor of Relator, and against Defendant, the costs incurred by Relator in bringing and maintaining this action, including reasonable attorneys' fees;

D. order that Defendant, its officers, agents, servants, employees, contractors, suppliers, and attorneys be enjoined from committing new acts of false patent marking and be required to cease all existing acts of false patent marking within 90 days; and

E. grant Relator such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

37. Relator demands a jury trial on all issues so triable.

Dated: December 6, 2010                               Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
   Texas Bar No. 24038912
   randall@glgnow.com
Christopher Johns
   Texas Bar No. 24044849
   chris.johns@glgnow.com
GARTEISER LAW GROUP
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415)785-3762
[Fax] (415)785-3805

**ATTORNEYS FOR GHJ HOLDINGS, LLC**